# Nicholas & Company, Inc. v. H. Allan Geibel a/k/a Harold A. Geibel

[564 A.2d 596]

No. 86-475

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 30, 1989

*Timothy J. Wells*, White River Junction, for Plaintiff-Appellee.

*Frank H. Olmstead* of *Brownell & Moeser,* Norwich, for Defendant-Appellant.

**Morse, J.** This is an appeal from a judgment order domesticating a Utah judgment against defendant, H. Allan Geibel, on a contract debt. Defendant raised a collateral attack on the Utah judgment, claiming that Utah had no personal jurisdiction over him. We reverse and remand for a determination as to whether the Third Judicial District Court of Utah had personal jurisdiction over the defendant when it entered judgment against him on August 1, 1985.

Plaintiff is a distributor of food service goods in Salt Lake City, Utah. Defendant is president and a director and shareholder of People Are Important, Inc., a Utah corporation. People Are Important, Inc., operated a restaurant called Cassie's Mexican Food in Evanston, Wyoming.

In October 1983, Nicholas & Company and Cassie's Mexican Food entered into a business arrangement for the sale of restaurant supplies. In doing so, defendant as president of his corporation signed a credit application which stated that any action to enforce the agreement should be brought in a Utah court. Cassie's Mexican Food defaulted on payment under the contract, and the plaintiff brought an action in the Utah court against defendant to recover the debt. Defendant was served with process in Vermont, but chose to ignore it. On August 1, 1985, the Utah court awarded plaintiff a judgment by default against defendant in the amount of $12,321.56. Defendant took no action to set aside the judgment in Utah or to appeal the decision in the Utah courts. Plaintiff then sought to domesticate the Utah judgment in Vermont by complaint filed April 8, 1986, in the Orange Superior Court. Defendant moved to dismiss, arguing that the Utah court never acquired personal jurisdiction over him. The trial court rejected this argument, and entered judgment in plaintiff's favor accordingly.

The trial court's order appears to rest on its finding that defendant personally consented to Utah jurisdiction. The evidence before the court—the credit application—does not support this finding. Defendant signed that document only in his capacity as president of the company. Indeed, on appeal plaintiff does not contend that defendant personally consented

to Utah jurisdiction over him. Plaintiff's argument, rather, is that the Utah judgment should be accorded full faith and credit, regardless of the import of the signature on the credit application.

██ Thus, the real dispute remains to be decided. Even if defendant did not expressly consent to in personam jurisdiction in Utah, he may have been subject to Utah jurisdiction under that state's long arm statute. Utah Code Ann. § 78-27-24. That statute "pertains to jurisdiction over persons concerning claims against them arising from certain 'minimum contacts' between those persons and this State." *Burt Drilling, Inc. v. Portadrill*, 608 P.2d 244, 246 (Utah 1980). Utah also may assert jurisdiction, independent of the statute, over a defendant who is found to have been "doing business" in the state. *Id.* A person or corporation is "doing business" in Utah for purposes of jurisdiction if it is engaged in "substantial and continuous activity" in the state. *Id.*

██ The "minimum contacts" basis for jurisdiction is satisfied under both Utah law and the Fourteenth Amendment of the United States Constitution if there is "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 247 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (physical presence not necessary for minimum contacts). But see *Shaffer v. Heitner*, 433 U.S. 186, 215–16 (1977) (fact that person is director or officer of corporation does not by itself establish minimum contacts with state of incorporation). Ultimately, jurisdiction over a nonresident must not violate "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[A]ctions taken *within the forum state* by a corporate official in his official capacity may be considered for purposes of establishing jurisdiction over him in his individual capacity." *Educational Testing Service v. Katzman*, 631 F. Supp. 550, 559 (D.N.J.) (emphasis in original), *aff'd in part, vacated in part on other grounds*, 793 F.2d 533 (3d Cir. 1986); see also *PSC Professional Services Group, Inc. v. American Digital Systems, Inc.*, 555 F.

Supp. 788, 792 (E.D. Pa. 1983) ("[A]ll of a non-resident defendant's contacts with the forum, in whatever capacity, will be weighed in determining whether those contacts are, from a due process standpoint, sufficient to exercise jurisdiction over him for claims arising from those contacts.") (citing *Donner v. Tams-Witmark Music Library, Inc.*, 480 F. Supp. 1229 (E.D. Pa. 1979)).

We remand to the trial court for findings and a determination of whether Utah's exercise of in personam jurisdiction over defendant was proper.

*Reversed and remanded.*